IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNIVERSAL CRANES & EQUIPMENTS,  AND QUALITY CRANES & EQUIPMENTS, | § § § § | |
| *Plaintiffs,* | § § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § § § | |
| SPEAK2VOICE, LLC AND RAHIM RAJWANI | § § § | |
| *Defendants.* | § § | |

**PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT**

Plaintiffs Universal Cranes & Equipments ("UC") and Quality Cranes & Equipments ("QC"), collectively "Plaintiffs," file their Original Verified Complaint against Defendants Rahim Rajwani ("Rajwani") and his solely owned company, Speak2Voice, LLC ("Speak2Voice"), collectively, "Defendants", and in support of their claims, respectfully show the following:

### I. PRELIMINARY STATEMENT

1.      This is a civil action on a sworn account for breach of contract, conversion, deceptive trade practice violations, fraud, and money had and received.  Rajwani is liable as the alter-ego of Speak2Voice.

2.      As more fully alleged below, Defendants Rajwani and his solely owned company, Speak2Voice, are in the business of buying and reselling cranes and heavy machinery.  From December 2022 through October 2023, Plaintiff UC purchased five cranes, and Plaintiff QC purchased one crane from Rajwani, through Speak2Voice, to ship to the port in Mumbai, India. Despite Defendants' acceptance of $713,000 USD for the cranes, Defendants failed to ship the purchased cranes or to provide alternate cranes to ship. Instead, Rajwani, through Speak2Voice,

accepted Plaintiffs' purchase money and improperly used it for to further his own interests. Despite Plaintiffs' demand that Defendants return their purchase money, Defendants have failed to return any portion of the $713,000 USD paid for cranes that Defendants never shipped.  In fact, on information and belief, Defendants never even procured some of the cranes they purported to sell to Plaintiffs. Defendants, therefore, never had valid possession of some the cranes, and could not have intended to ship cranes they never procured or possessed.

## II. JURISDICTION AND VENUE

3.     The Court has diversity jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2), as the matter in controversy exceeds the sum of $75,000, and the parties are diverse.  Plaintiffs are citizens of a foreign state (India) and are not admitted for permanent residence in the United States or domiciled in Texas; Defendants are citizens of the state of Texas.

4.     Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

5.     Plaintiff Universal Cranes & Equipments is a foreign corporation, based in India.

6.     Plaintiff Quality Cranes & Equipments is a foreign corporation, based in India.

7.     Defendant Speak2Voice is a Texas limited liability company that may be served with process through its registered agent, Rahim Rajwani, at 5024 Bellevue Falls Lane, Sugar Land, Texas 77479 or wherever he may be found.  Plaintiffs request the issuance of process for Speak2Voice, LLC.

8.     Defendant Rahim Rajwani is an individual residing in Fort Bend County, Texas, and may be served with process at 5024 Bellevue Falls Lane, Sugar Land, TX, 7479, or wherever he may be found.

#### IV.    SUMMARY OF FACTS

**A.    Course of Dealing from 2018 through 2022**

9.      In 2018, Plaintiffs began to purchase cranes from Rahim Rajwani, through his solely owned company, Speak2Voice. The business relationship consisted of the following: (i) Rajwani would locate cranes per Plaintiffs' specifications; (ii) Rajwani and Plaintiffs would negotiate a price; (iii) Rajwani, through Speak2Voice, would provide Plaintiffs with a purchase order for a specific crane, listing the total price and specific serial number of the crane; and (iv) Plaintiffs would wire transfer payment to Rajwani, via Speak2Voice.  On some occasions, Defendants required Plaintiffs to wire transfer the entire purchase price of the crane before the crane was shipped.  On other occasions, Defendants required a significant advance payment, with the remaining balance to be paid once the cranes were shipped.  Upon receiving payment from Plaintiffs, Rajwani would arrange for the crane's transport to a shipping port and ship the crane to Plaintiffs at the shipping port in Mumbai, India.

10.     All of the cranes were shipped C&F, rendering the seller  (Rajwani and Speak2Voice), responsible for the cost of goods and freight until the crane arrived in Mumbai port. Once the cranes arrived in Mumbai port, Plaintiffs became responsible for the local costs and fees to obtain the release and take possession of the cranes. Although Rajwani was often late in shipping the cranes, frequently asking Plaintiffs to approve a substituted alternate crane, Rajwani would eventually ship the purchased cranes or approved alternate cranes.

11.     However, this normal course of dealing was derailed when Defendants failed to ship five cranes that UC purchased between December 2022 and October 2023, and one crane that QC purchased in February 2023.

**B.    Defendants Failed to Fulfill their Promise to Ship the Following Cranes Despite Accepting Payments for the Cranes.**

## 1. Universal Cranes Purchases

### a. Grove GMK 6300B ("Crane No. 1") – Invoice Dated December 11, 2022; Total Price - $275,000, S/N: 62508019.

12.     The purchase order for Crane No. 1 is attached as Ex. 1, and fully incorporated herein. Universal Cranes paid a total of $250,000 for Crane No. 1. *See* attached Swift receipts for $120,000, on Dec. 13, 2022, and for $130,000 on Dec. 16, 2022, attached as Ex. 1, fully incorporated herein. Based on the parties' prior course of dealings and understanding, the balance was to be paid once the crane shipped. However, Defendants never shipped the crane.

13.     Instead, Rajwani informed UC there was an accident while bringing Crane No. 1 to the U.S. port, rendering the crane was damaged and unsalvageable. Notwithstanding the accident, it was Defendants' responsibility to either return the $250,000 paid for Crane No. 1 or find an acceptable replacement crane. Defendants did neither.

14.     On multiple occasions, UC personnel asked Rajwani when he would return the funds advanced for the purchase of Crane No. 1. Rajwani informed UC not to worry because he would receive insurance proceeds to cover the cost of the crane, and the proceeds would fully reimburse UC.[1] Notably, the current status or eventual resolution of that case has no bearing on Defendants' obligation and duty to make Universal Cranes whole. The purchase order expressly lists the price for Crane No. 1 as: "US 275,000.00 C&F Mumbai." *See* Ex. 1. Defendants are not permitted to hold UC's money pending the outcome of a case between Defendants and the transporter of Crane No. 1.

---

[1] The case involving the loss of Crane No. 1 is pending as *Speak2Voice, LLC vs. 5R Heavy Haul, LLC, et al*, Cause No. 23DCCV0502, in the 58th District Court, Jefferson County, Texas.

15.     Because Defendants failed to either return the amount of $250,000 paid for Crane No. 1 or to find and ship a suitable alternate crane, Defendants are liable to Plaintiffs in the principal amount of $250,000 USD for Crane No. 1.

**b.    <u>Liebherr LTM 1120 ("Crane No. 2")</u> -  Invoice dated June 27, 2023; Total Price $125,000, S/N 0023726.**

16.     The purchase order for Crane No. 2 is attached as <u>Ex. 2</u>, and UC paid a total of $85,000 towards the purchase of Crane No. 2.  *See* Swift receipt for $85,000 paid on June 28, 2023 attached as <u>Ex. 2</u>, fully incorporated herein. After wiring $85,000, Rajwani informed UC that there was an electrical problem in the boom of the machine, and that he was procuring the part and a mechanic to repair it.  After several follow-up communications, Rajwani informed UC that the crane had not been repaired.  UC decided it could repair the crane in India and asked Rajwani to proceed to ship the crane as is. Despite Rajwani's repeated promises to ship the crane as is, he finally informed UC that "he could not move the crane," and offered another one instead. Rajwani kept UC's purchase payment, but failed to ship Crane No. 2 or an approved alternate crane.

17.     UC detrimentally relied on Rajwani's false representations and promises that he would procure and ship Crane No. 2 or an approved alternate crane to UC.  Rajwani, through Speak2Voice,  engaged in fraud by promising shipment when he either (i) failed to procure Crane No. 2 as promised, pocketing UC's money; or (ii) purchased and sold Crane No. 2 to someone else, pocketing UC's money.  Defendants never intended to ship Crane No. 2, and instead, embarked on a scheme of fraudulent misrepresentation to steal UC's money by inducing UC into paying for a crane that Defendants never intended to procure on UC's behalf and ship.

18.     Because Defendants failed to either return the amount of $85,000 paid for Crane No. 2 or to find and ship a suitable alternate crane, Defendants are liable to Plaintiffs in the principal amount of $85,000 USD for Crane No. 2.

    c.      **<u>DEMAG</u> AC335 (Crane No. 3") - Invoice dated July 28, 2023; Total Price $118,000, S/N 37028.**

19.    The purchase order for Crane No. 3 is attached as <u>Ex. 3</u>. Universal Cranes paid a total of $88,000 towards the purchase of Crane No. 3. *See* Swift receipts for $38,000 on August 1, 2023; $20,000 on September 13, 2023; and $30,000 on October 3, 2023, attached at <u>Ex. 3</u>, fully incorporated herein. UC was to pay the balance once the crane shipped.

20.    Rajwani embarked on many of the same excuses previously used for his failure to ship the crane despite accepting UC's payments for the crane. Those excuses included a supposed issue arranging transport of the crane to the port, permit issues, and shipping delays. After several weeks, Rajwani informed UC that the crane was in an area difficult to transport and that he would offer a new crane to replace Crane No. 3. Defendants failed to locate or ship an alternate crane.

21.    Universal Cranes detrimentally relied on Rajwani's false representations and promises that Defendants would procure Crane No. 3 for Universal Cranes. Rajwani, through Speak2Voice, engaged in fraud by promising shipment when he either (i) failed to procure Crane No. 3 as promised, pocketing UC's money; or (ii) sold Crane No. 3 to someone else, pocketing UC's money. Defendants never intended to ship Crane No. 3, and instead, embarked on a scheme of fraudulent misrepresentation to steal UC's money by inducing UC into paying for a crane that Defendants never intended to procure on UC's behalf or ship.

22.    Because Defendants failed to either return the amount of $88,000 paid for Crane No. 3 or to find and ship a suitable alternate crane, Defendants are liable to Plaintiffs in the principal amount of $88,000 USD for Crane No. 3.

    d.      **<u>Liebherr LTM 1300 ("Crane No. 4")</u> - Invoice dated Sept. 25, 2023; Total Price $403,000, S/N 071067. *See* Purchase Order, attached as <u>Ex. 4</u>.**

23.    In lieu of delivering Crane Nos. 2 and 3 to UC, Defendants promised to ship  Crane No. 4 to UC and to adjust the balance on Crane No. 4 by the amount already paid for Cranes 2 and 3.

24.    Rajwani represented to UC that he purchased Crane No. 4 from Barnhart Crane & Lifting and that he would start moving the accessories off of the crane for shipment first and then ship the main unit.  Over the next several weeks, UC repeatedly inquired about the shipping status of Crane No. 4.  Rajwani inundated UC with excuses that were reminiscent of his many previous excuses: issues with machine permits for transporting; failure to obtain space in the shipping vessel, etc.  UC later learned that despite Rajwani's representations to the contrary, he failed to purchase Crane No. 4.  Rajwani's excuses as to why he had not yet shipped the crane that he had not even purchased, were made to fraudulently cover up the fact that Rajwani had no intention to ship a crane he never purchased; to fraudulently induce UC into believing that Rajwani purchased Crane No. 4 (which he did not); to fraudulently induce UC into believing that the shipping date for the crane was imminent; and to fraudulently induce UC into continuing to purchase cranes that Rajwani knew UC would never receive.

25.    Despite Rajwani's contentions, he could not have encountered problems with permitting or with space on the shipping vessel as he did have possession or ownership of the crane to ship.  Several weeks passed with UC repeatedly inquiring about the status of  Crane No. 4. Despite continued excuses for the delay and promises to ship Crane No. 4, Defendants failed to ship the crane. UC detrimentally relied on Defendants' false representations and false promises that Defendants would procure Crane No. 4 to replace their failure to ship Crane Nos. 2 and 3. Rajwani, through Speak2Voice, engaged in fraud by promising shipment when he failed to even

procure Crane No. 4 as promised, continuing to perpetuate the fraud and steal the amount UC paid for Crane Nos. 2 and 3.

     **e.**           **GROVE GMK 5120B ("Crane No. 5") -  Invoice dated Oct. 13, 2023; Total Price $175,000; S/N 51009232.**

26.     The purchase order for Crane No. 5 is attached as Ex. 5. Universal Cranes paid $175,000 for the purchase of Crane No. 5, paying this crane in full. *See* Swift receipt dated October 16, 2023, attached as Ex. 5, fully incorporated herein. Despite continued excuses for the delay and promises to ship the crane, Defendants failed to ship Crane No. 5. UC detrimentally relied on Defendants' false representations and false promises that Defendants would procure and ship Crane No. 5 for Universal Cranes.  Rajwani, through Speak2Voice, engaged in fraud by promising shipment of Crane No. 5 when he either (i) failed to procure Crane No. 5 as promised, pocketing UC's money; or (ii) sold Crane No. 5 to someone else, pocketing UC's money.  Defendants never intended to ship Crane No. 5, and instead, embarked on a scheme of fraudulent misrepresentation to steal UC's money by inducing UC into paying for a crane that Defendants never intended to procure on UC's behalf or ship.

27.     Because Defendants failed to either return the amount of $175,000 paid for Crane No. 5  or to find and ship a suitable alternate crane, Defendants are liable to UC in the principal amount of $175,000 USD for Crane No. 5.

     **f.**           **Universal Cranes Paid Defendants $598,000 for Cranes that Defendants Failed to Ship.**

28.     Universal Cranes paid Speak2Voice a total of $598,000 USD for cranes that Rajwani promised to procure and ship to UC in Mumbai, India. To date, despite making a demand for the return of these payments, Rajwani and Speak2Voice have refused to return any portion of this due and owing amount.

2. **Quality Cranes Purchase:**

**Grove GMK 5120B ("QC Crane") - Invoice dated Feb. 21, 2023; Total Price $ 135,000, S/N 51009521. *See* Purchase Order, attached at Ex. 6.**

29.     The purchase order for the QC Crane is attached as Ex. 6. Quality Cranes paid $115,000 towards the purchase of QC Crane on February 23, 2023. *See* Swift receipt attached as Ex. 6, fully incorporated herein. The balance was to be paid once the crane shipped. Despite continued excuses for the delay and promises to ship QC Crane,  Defendants failed to ship the crane. QC detrimentally relied on Defendants' false representations and false promises that Defendants would procure QC Crane for Quality Cranes. Rajwani, through Speak2Voice, engaged in fraud by promising shipment when he either (i) failed to procure QC Crane as promised, pocketing UC's money; or (ii) sold QC Crane to someone else, pocketing QC'ss money. Defendants never intended to ship QC Crane, and instead, embarked on a scheme of fraudulent misrepresentation to steal QC's money by inducing QC into paying for a crane that Defendants never intended to procure on QC's behalf or ship.

30.     Because Defendants failed to either return the amount of $115,000 paid for QC Crane or to find and ship a suitable alternate crane, Defendants are liable to Quality Cranes in the principal amount of $115,000 USD for QC Crane.

3. **Defendants Owe Plaintiffs $713,000 for Cranes Defendants Failed to Ship.**

31.     As set forth above, the due and owing principal amount to Universal Cranes is $598,000 USD and the due and owing principal amount to Quality Cranes is $115,000 USD, totaling $713,000 USD. Despite Plaintiffs' demand for Defendants to return these payments, Defendants refuse to return any portion of this due and owing amount to Plaintiffs.  Interest has been accruing on this amount since it was paid.

## V.     CONDITIONS PRECEDENT

32.     All conditions precedent to the Plaintiffs claim for relief have been performed or have occurred.

## VI.     CAUSES OF ACTION

### Count 1:
### Suit on a Sworn Account

33.     Plaintiffs re-allege and incorporate herein by reference above paragraphs 9 - 32 of this Original Verified Complaint, as though fully set forth herein.

34.     Pursuant to the parties' purchase order agreements and routine business dealings, Defendants provided Plaintiffs with purchase orders for cranes, and Plaintiffs wire-transferred purchase money to Defendants, who were to then procure the cranes for either UC or QC, arrange for transport of the cranes to a shipping port, and ship the cranes to UC or QC in Mumbai, India.

35.     Pursuant to the purchase order agreements and the parties' routine course of dealing, upon accepting Plaintiffs' purchase money, Defendants became bound to ship the cranes to the Mumbai, Port.

36.     The purchase orders and payment receipts for the crane purchases set forth in Exs. 1 – 6 comprise the account record. The requisite verification of the account is attached as Ex. 7 and fully incorporated herein by reference.

37.     The account record accurately sets forth the payments Plaintiffs made to Defendants pursuant to the parties' purchase order agreements and routine course of dealing. Further, the account represents a record of payments that Plaintiffs systematically keep and provide in the ordinary course of Plaintiffs' businesses.

38.     The record of account reflects the outstanding amount of $598,000 USD owed by Defendants to UC, excluding interest, and the outstanding amount of $115,000 USD owed by Defendants to QC, excluding interest. The total principal balance due on the account is $713,000 USD on which Plaintiffs seek liquidated damages.

39.     Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code Chapter 38 because this is a suit on a sworn account, Plaintiffs retained counsel to represent them in this matter, and Defendants failed to tender the due and owing amounts within 30 days after they were presented to Defendant, on August 16, 2024. The Demand Letter presenting Plaintiffs' claims is attached as Ex. 8 and fully incorporated herein.

40.     All conditions precedent to Defendant's obligations have been performed or have occurred.

**Count 2:**
**Breach of Contract**

41.     Plaintiffs re-allege and incorporate herein by reference above paragraphs 9 - 32 of this Original Verified Complaint, as though fully set forth herein.

42.     Rajwani, through Speak2Voice, contractually agreed to ship the Cranes upon Plaintiffs' advance wire transfers.  Plaintiffs' advance payments fulfilled their obligations under the purchase orders and the parties' routine business deadlines.  Despite accepting payments for the cranes, Defendants failed to ship cranes, constituting a clear breach of contract with Plaintiffs. As a result, Plaintiffs have suffered damages.

**Count 3:**
**Conversion**

43.     Plaintiffs re-allege and incorporate herein by reference above paragraphs 9 - 32 of this Original Verified Complaint, as though fully set forth herein.

44.     Universal Cranes transferred $598,000 USD to Rajwani, via Speak2Voice, in trust, for the purchase of Cranes Nos. 1 – 5, and Quality Cranes transferred $115,000 USD to Rajwani, via Speak2Voice, in trust, for the purchase of the QC Crane.  Instead of using the transferred funds to purchase the cranes and fulfill his obligations under the purchase order agreements, Rajwani, through Speak2Voice, converted Universal Cranes' funds, using them for his own purposes.

**Count 4:**
**Fraud**

45.     Plaintiffs re-allege and incorporate herein by reference above paragraphs 9 - 32 of this Original Verified Complaint, as though fully set forth herein.

46.     Plaintiffs will further show that Rajwani, through Speak2Voice, made materially false representations to Plaintiffs with knowledge of their falsity and/or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiffs. Specifically, Rajwani repeatedly misrepresented the facts about why he had not yet shipped the cranes that UC purchased with repackaged excuses including issues with transportation, permitting issues, and delays at the shipping port.  Plaintiffs relied on these misrepresentations to their detriment.

47.     Plaintiffs will further show that Rajwani, through Speak2Voice, concealed or failed to disclose material facts within his knowledge, Rajwani knew Plaintiffs did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Rajwani, through Speak2Voice, intended to induce Plaintiffs to perform by their concealment or failure to disclose.

48.     Specifically, Rajwani repeatedly falsely misrepresented the shipping status of the purchased cranes despite the fact that Defendants either did not procure the cranes on behalf of Plaintiffs (or at all), and that Defendants had no intention of shipping the purchased cranes to Plaintiffs in Mumbai, India.

49.     Defendants' fraudulent business practices are not novel.  In fact, in *Kohinoor Crane Service v. B.R. Crane & Equipment, LLC and Speak2Voice, LLC*, Cause No. 2019-13197, in the 333rd Judicial District of Harris County, Texas, Rajwani repeatedly represented to the plaintiff/purchaser, that the paid-for crane was being prepared to ship, when in fact, Rajwani never procured the crane and, thus, it was never in his possession to ship. [2]

50.     As a proximate result of such fraud, Plaintiffs have sustained damages in an amount to be determined by the trier of fact, including, but not limited to, exemplary damages and prejudgment interest.

## Count 5:
## Money Had and Received

51.     Plaintiffs re-allege and incorporate herein by reference above paragraphs 9 -  32 of this Original Petition, as though fully set forth herein.

52.     Speak2Voice and/or Rajwani hold money that is in equity and good conscience, belongs to Plaintiffs.  Plaintiffs seek liquidated damages in the amount of at least $713,000.00 USD plus accrued interest, which is within the jurisdictional limits of this Court.

## Count 6:
## Violations of the Deceptive Trade Practices Act

53.     Plaintiffs re-allege and incorporate herein by reference above paragraphs 9 - 32 of this Original Petition, as though fully set forth herein.

---

2    See *Servicios Misiones S.A. de C.V. v. B.R. Crane & Equipment, LLC*, Case No. 4:17-cv-03347, in the U.S District Court, Southern District of Texas,  similarly alleging that Rajwani used Speak2Voice's predecessor company, B.R. Crane & Equipment, C to sell industrial equipment it did not own.  *See also Northern Steel & Concrete, LLC, vs. Speak2Voice, LLC & Rahim Rajwani*, Cause No. 24-DCV-314222, pending in the 400th Judicial District of Fort Bend County; and *North America Machinery, LLC v. Speak2Voice, LLC and Rahim Rajwani*, Cause No. 24-DCV-313877, pending in the 400th Judicial District Court, Fort Bend County, Texas.

54.     Plaintiffs are consumers as the term is defined under the Texas Deceptive Trade Practices Act ("DTPA"). In connection with Plaintiffs' consumer transactions with and Speak2Voice and Rajwani, Defendants engaged in false, misleading, and/or deceptive acts or practices on which Plaintiffs detrimentally relied. As a result, Defendants are subject to liability under Tex. Bus. & Com. Code §§ 17.46 and 17.50 for wrongful acts which include, but are not limited to:

(1)  passing off goods or services as those of another.

(2)  causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

(3)  causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another.

(4)  using deceptive representations or designations of geographic origin in connection with goods or services.

(5)  advertising goods and services with the intent not to sell them as advertised.

(6)  misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction.

*See* Tex. Bus. & Com. Code § 17.46 and § 17.50.

55.     Defendants made these representations intentionally and knowingly.  Plaintiffs relied on these misrepresentations to their detriment and Defendants' actions were the producing cause of Plaintiffs' damages.

**Count 7:**
**Alter Ego, Single Business Enterprise, Piercing the Corporate Veil**

56.     Plaintiffs re-allege and incorporate herein by reference above paragraphs 9 - 32 of this Original Petition, as though fully set forth herein.

57.     Defendants Speak2Voice and Rajwani are jointly and severally liable for the conduct of each other because they are the alter egos of each other.  Rajwani is the sole shareholder and owner of Speak2Voice and on information and belief treats Speak2Voice as an extension of himself.

58.     Further, on information and belief, Rajwani used Speak2Voice for the purpose of perpetrating a fraud on Plaintiffs, and did perpetrate a fraud for his direct and personal benefit. These actions will allow Plaintiffs to pierce the Speak2Voice corporate veil in order to recover on its claims against Rajwani and Speak2Voice.

## VII. RULE 47 STATEMENT

40.     Plaintiff seeks damages within the jurisdictional limits of this Court, monetary relief more than $1,000,000.00, non-monetary relief, and all other relief to which Plaintiff is justly entitled.

## VIII. DAMAGES

42.     As a direct and proximate result of the claims and causes of action set forth above, and fully incorporated herein, Plaintiffs seek to recover the following damages, jointly and severally, from Defendants Speak2Voice and Rahim Rajwani:

a. Compensatory economic damages in the amount of $713,000, constituting the return of Plaintiffs' payments for the Cranes Defendants failed to ship.

b. Treble damages for Defendants' knowing deceptive trade practice violations under the Texas DTPA, within the jurisdictional limits of this Court.

c. Recovery of Plaintiffs' reasonable attorneys' fees and costs under Tex. Civ. Prac. & Rem. Code Ch. 38.

d. Exemplary damages as Defendants' actions and omissions, on which Plaintiffs detrimentally relied, were committed intentionally, knowingly, willfully, with actual awareness, and with the specific and predetermined intention of enriching Defendants at Plaintiffs' expense.

e.  Any and all other compensatory, incidental and/or consequential damages arising from Defendants' conduct, in law or equity, to which Plaintiffs may be entitled.

**GREGOR WYNNE ARNEY, PLLC**

By:     /s/ *Thomas M. Gregor*
   Thomas M. Gregor
   State Bar No. 24032245
   Federal No. 32190
   tgregor@gwafirm.com
   Stacy W. Beasley
   State Bar No. 00783618
   Federal No. 21897
   sbeasley@gwafirm.com
   4265 San Felipe Street, Suite 700
   Houston, Texas 77027
   Telephone: (832) 390-2644

**COUNSEL FOR PLAINTIFFS UNIVERSAL CRANES & EQUIPMENTS AND QUALITY CRANES & EQUIPMENTS.**