IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNIVERSAL CRANES & EQUIPMENTS, and QUALITY CRANES & EQUIPMENTS <br><br> V <br><br> SPEAK2VOICE, LLC and RAHIM RAJWANI | § § § § § § § § | CIVIL ACTION NO. 4:25-CV-00805 |

## DEFENDANTS' ORIGINAL ANSWER

THE HONORABLE JUDGE OF THIS COURT:

Speak2Voice, LLC and Rahim Rajwani, file this original answer to the complaint

### I.    Preliminary Statement

1. Rajwani denies he is the alter ego of Speak2Voice, LLC. nor is he a proper party to this suit.

2. Defendant, Speak2Voice admits that plaintiffs purchased cranes which were to be delivered to Mumbai, India, however one of the five cranes were delivered and Speak2Voice is actively seeking to provide replacement cranes for the remaining four cranes. Defendant, Rajwani denies that any actions occurred in his personal capacity.

### II.    Jurisdiction and Venue

3 – 4   Defendants do not contest jurisdiction or venue.

### III.    Parties

5- 8   Defendants do not dispute the parties have been properly named and served.

### IV.    Summary of Facts

9.  Defendants admit the facts set forth in paragraph 9, except the contention that full payment was required in some instances. Defendants contend there was always some balance owed on a crane delivery.

10. Defendant does not agree it was often late in shipping the cranes but otherwise admits this paragraph.

11. Defendant admits this paragraph.

12. Defendant admits this paragraph.

13. Defendant admits this paragraph although it adds that a lawsuit was filed against the party responsible for the accident which damaged the crane.

14. Defendant admits the allegations in this paragraph except for the last line. Defendant is not holding any funds. The funds were paid to purchase the crane which was damaged by a third party.

15. Defendant admits that, to date, it has been unable to provide a replacement crane and that it is awaiting the conclusion of the litigation with the third-party to refund plaintiff's funds. Defendant, Rajwani, denies any personal liability.

16. Defendant admits the allegations of this paragraph except that it did not agree to pay the costs to repair the crane.

17. Defendant, Rajwani, denies all allegations.

18. Defendant, Speak2Voice, admits it is responsible to refund some of the funds initially paid. Defendant, Rajwani, denies all allegations.

19. Defendants admit this paragraph.

20. Defendant generally admits that he has thus far been unable to deliver the cranes because of shipping issues, otherwise they deny the allegations.

21. Rajwani denies he is liable in his personal capacity and all allegations in this paragraph are denied.

22. Speak2Voice denies it is liable in the amount alleged; Rajwani denies he is liable in his personal capacity.

23. Speak2Voice admits this paragraph, Rajwani denies any liability in his personal capacity.

24. Rajwani denies any liability in his personal capacity and asserts that all conduct alleged was done in his capacity through Speak2Voice. Speak2Voice admits that the seller of the crane which had been intended to ship to Plaintiffs refused to sell the crane at the price agreed which prevented Speak2Voice from delivering the crane to Plaintiffs.

25. Defendants deny the allegations in this paragraph and contends that in addition to difficulty in procuring the crane, there were a shipping issues which prevented the crane delivery. Defendants deny all allegations of fraud or false representations and Rajwani denies any liability in his personal capacity.

26. Defendants deny the allegations in this paragraph. The purchase price was less than alleged and the amount advanced was less than alleged. Defendants deny all other allegations in the paragraph and Rajwani specifically denies any liability in his personal capacity.

27. Defendants deny the allegations.

28. Defendant, Speak2Voice denies the specific allegations and Rajwani denies any liability in his personal capacity.

29. Defendants deny all allegations.

30. Defendants deny all allegations.

31. Defendants deny the allegations although Speak2Voice admits it is required to provide replacement cranes for crabs which had been agreed to be provided but which have not been delivered. Rajwani denies any liability in his personal capacity.

32. Defendants deny plaintiffs provided proper notice and cannot admit that all conditions precedent were met.

33. Defendants restate their responses to paragraphs 9 -32.

34. Speak2Voice admits this paragraph. Rajwani denies any liability in his personal capacity.

35. Speak2Voice admits this paragraph. Rajwani denies any liability in his personal capacity.

36. Defendants deny all payments are properly reflected in the account record.

37. Defendants deny the account records are properly reflected in the exhibits.

38. Defendants deny this allegations.

39. Defendant deny Plaintiffs are entitled to the recovery of attorney fees.

40. Defendants deny proper notice was provided.

41. Defendants restate their responses to paragraphs 9 -32.

42. Rajwani denies any personal liability. All conduct was performed in his capacity through Speak2Voice.

43. Defendants restate their responses to paragraphs 9 -32.

44. Rajwani specifically denies any liability in his personal capacity.

45. Defendants restate their responses to paragraphs 9 -32.

46. Defendants deny all allegations in this paragraph.

47. Defendants deny all allegations in this paragraph.

48. Defendants deny all allegations in this paragraph.

49. Defendants deny the allegations of this paragraph.

50. Defendants deny plaintiffs are entitled to exemplary damages.

51. Defendants restate their responses to paragraphs 9 – 32.

52. Defendants deny the allegations of this paragraph.

53. Defendants restate their responses to paragraphs 9 – 32.

54. Defendants can not admit or deny the allegations of this paragraph as the DTPA only applies to commercial entities with assets less than $25 million.

55. Defendants deny the allegations of this paragraph.

56. Defendants restate their responses to paragraphs 9 – 32.

57. Defendants deny the allegations of this paragraph.

58. Defendants deny the allegations of this paragraph.

40 (*sic*) This paragraph is a claim for relief which does not require a response.

42 (*sic*) Defendants deny plaintiffs are entitled to recover the amount which is being sought, deny plaintiffs are entitled to any treble damages and deny plaintiffs are entitled to any exemplary damages. Defendant, Rajwani denies any liability in his personal capacity.

WADLER LAW

By: _____
Michael R. Wadler
State Bar Number 20646500
mwadler@wadlerlaw.com
2100 W. Loop South, Suite 100
Houston, TX 77027
Telephone- 713/979-5936
Facsimile – 281/768-6229

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been provided by electronic service to counsel of record on May 5, 2025:

Thomas Gregor
tgregor@gwafirm.com
Stacy Beasley
sbeasley@gwafirm.com
4265 San Felipe Street, Suite 700
Houston, TX 77027

Michael R. Wadler